1

**THE FLEISHMAN LAW FIRM**
Charles J. Fleishman Bar# 46405

2
Paul A. Fleishman Bar # 251657
5850 Canoga Ave., 4th Floor

3
Woodland Hills, CA 91367
telephone 818-710-2724

4
fax 818-710-2728
erisa@erisarights.com

5
Attorney for Plaintiff

6

7

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| RUBEN GALLEGOS | NO. |
| Plaintiff, | COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE BENEFIT PLAN |
| vs. | |
| CIGNA GROUP INSURANCE, a corporation) DOES 1 through 10, | |
| Defendants. | |

12

13

14

15

16

17
COMES NOW THE PLAINTIFF, Ruben Gallegos, and for cause of action against all defendants, alleges as follows:

18

19
1.  This court has subject matter jurisdiction of this dispute without regard to the citizenship of the parties pursuant to 29 USC 1132(a)(1)(B) and (e)(1).

20

21
2.  Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendant Doe 1 (hereinafter "Plan") is an ERISA plan formed by Pacific Clinics which the plaintiff is entitled to benefits.  At all times herein mentioned, plaintiff was entitled to short and long term disability benefits, health care benefits, life insurance benefits and other benefits under one or more Bank of America ERISA plans.  Said benefits were to be given to the plaintiff should he become totally disabled.

22

23

24

25

26

27
3.  Plaintiff is informed and believes, and based upon such information and

28

1

alewife alleges, that defendant CIGNA Group Insurance is a corporation pursuant to the laws of one or more of the states of The United States and was, at all times relevant hereto, the insurance company obligated to provide the disability benefits the plaintiff herein seeks.

4.   Plaintiff is and was at all times herein mentioned, a resident of the County of Los Angeles, State of California.

5.   Plaintiff is unaware of the true names and capacities of defendants named herein as DOES 1 through 10 and has therefore named such defendants by such fictitious names.  Plaintiff will ask leave of court to amend the complaint to state the true names and capacities of the DOE defendants when the same are ascertained.

6.   Plaintiff is informed and believes, and based upon such information and belief alleges, that each of the defendants was acting as the agent and employee of each of the remaining defendants with regard to all actions described herein and all benefits due plaintiff and all damage caused to plaintiff.

7.   Plaintiff was employed by Pacific Clinics until he became disabled on or about May 28, 2011.  As an employee of Pacific Clinics, he was eligible for the protection of the Plan.  When he became disabled, he became eligible for the long term disability benefits of the Plan and to other benefits.   Defendants have arbitrarily and in bad faith refused to make payments to plaintiff as required by the Plan.

8.   On January 7, 2014, the plaintiff was notified of the decision of the defendants to deny benefits retroactively from November 23, 2013.   Plaintiff timely appealed the denial of benefits.  Said appeal was formally decided by the defendants adversely to the plaintiff and communicated to him on May 28, 2014. Plaintiff is left with no choice but to file this law suit at the present time.

9.   Plaintiff has been denied the benefits which are due him under the Plan and has suffered and is continuing to suffer economic loss as a result thereof from

November 23, 2013.  Plaintiff is entitled to an award of interest at 10% on all money that should have been paid to him.

10.  Plaintiff has been required to hire attorneys to represent him in this matter and to recover benefits due him under the Plan.  Plaintiff has and will incur attorney fees.  The exact amount is unknown to plaintiff and he seeks leave to amend this complaint when the same has been ascertained or at the time of trial according to proof.

11.  A controversy now exists between the parties as the whether Plaintiff is disabled under the terms of the Plan.  Plaintiff seeks a declaration by this Court that he meets the Plan definition of disability and is entitled to continued LTD benefits from defendants.  Plaintiff further seeks a declaration by this Court that, if in fact he is found to have been and/or continues to remain disabled under the terms of the controlling Plan documents, that all benefits provided to Plan participants while they are disabled under this Plan and any other applicable welfare or pension benefit plans covering plaintiff, be reinstated retroactive to the date his LTD benefits were terminated.

WHEREFORE, plaintiff prays judgment against the defendants and each of them as follows:

1.  For all benefits due him in the past and future under the plan plus interest at 10%;

2.  For a declaration by this Court that, if in fact he is found to have been and/or continues to remain disabled under the terms of the controlling Plan documents, that all benefits provided to Plan participants while they are disabled under this Plan and any other applicable welfare or pension benefit plans covering plaintiff, be reinstated retroactive to the date his LTD benefits were terminated.

3.  For reasonable attorney fees;

4.  For costs of suit; and

5.  For such other and further relief as this court may deem just and proper.

DATED:    June 16, 2014

/s/*Charles J. Fleishman*
CHARLES J. FLEISHMAN
Attorney for plaintiff